**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WOLFGANG WEISE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br><br>U.S. DEPARTMENT OF STATE, et al.,<br><br>　　　　　Defendants. | **No. 26-cv-4422 (LJL)**<br>No. 24-cv-5760 [related] |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF**
**MOTION FOR TEMPORARY RESTRAINING ORDER AND**
**PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ............................................................................................................. 1

RELEVANT FACTS ......................................................................................................... 2

    The Repatriation Loan ............................................................................................. 2

    The Department's Collection Efforts....................................................................... 4

    Plaintiff's Efforts to Informally Resolve This Dispute......................................... 4

STANDARD OF REVIEW ............................................................................................... 5

ARGUMENT..................................................................................................................... 5

I.    Plaintiff Is Likely To Succeed on the Merits ....................................................... 5

    A.    The Department Exceeded Its Statutory Authority ...................................... 6

    B.    The Department's Action Was Arbitrary and Capricious ........................... 7

    C.    The Department Violated Plaintiff's Due Process Rights............................ 8

II.    Plaintiff Will Likely Suffer Irreparable Harm.................................................... 9

III.    The Balance Of Equities And Public Interest Strongly Favors Plaintiff........................ 10

    A.    Balance Of Equities ................................................................................... 11

    B.    The Public Interest...................................................................................... 11

CONCLUSION................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Accardi v. Shaughnessy*,
347 U.S. 260 (1954) ............................................................................................................ 6

*Afr. Communities Together v. Lyons*,
No. 25-cv-6366 (PKC), 2026 WL 1382944 (S.D.N.Y. May 18, 2026) ..................................... 5

*Airbnb, Inc. v. City of New York*,
373 F. Supp. 3d 467 (S.D.N.Y. 2019) ..................................................................................... 5

*Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*,
594 U.S. 758 (2021) .......................................................................................................... 11

*Am. Civil Liberties Union v. Clapper*,
804 F.3d 617 (2d Cir. 2015) ................................................................................................. 5

*Andino v. Fischer,*
555 F. Supp. 2d 418 (S.D.N.Y. 2008) ..................................................................................... 5

*Basank v. Decker,*
449 F. Supp. 3d 205 (S.D.N.Y. 2020) ..................................................................................... 5

*Citizens to Pres. Overton Park, Inc. v. Volpe,*
401 U.S. 402 (1971) ............................................................................................................ 8

*City of Arlington v. FCC,*
569 U.S. 290 (2013) ............................................................................................................ 6

*Doe v. Noem*,
No. 26-cv-2103 (DEH), 2026 WL 1192079 (S.D.N.Y. May 1, 2026) ...................... 9, 10, 11

*Esghai v. U.S. Dep't of State*,
No. 24-cv-2993 (PAE), 2024 WL 4753799 (S.D.N.Y. Nov. 12, 2024) ..................................... 7

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
559 F.3d 110 (2d Cir. 2009) ................................................................................................. 9

*Fed. Defs. of N.Y. v. Fed. Bureau of Prisons*,
954 F.3d 118 (2d Cir. 2020) ................................................................................................. 6

*Freedom Holdings, Inc. v. Spitzer*,
408 F.3d 112 (2d Cir. 2005) ................................................................................................. 9

*Mendez v. Banks*,
65 F.4th 56 (2d Cir. 2023) ................................................................................................. 5

*Metro. Transp. Auth. v. Duffy*,
784 F. Supp. 3d 624 (S.D.N.Y. 2025) ............................................................................. 7, 8

*Mullins v. City of New York*,
626 F.3d 47 (2d Cir. 2010) ................................................................................................ 10

*Nat'l Job Corps Ass'n v. Dep't of Lab.*,
788 F. Supp. 3d 642 (S.D.N.Y. 2025) .............................................................................. 5

*New Jersey v. U.S. Dep't of Transportation,*
No. 26-cv-00939 (JAV), 2026 WL 323341 (S.D.N.Y. Feb. 6, 2026) ..................................... 11

*New York v. Noem,*
812 F. Supp. 3d 321 (S.D.N.Y. 2025) ........................................................................... 11, 12

*Nken v. Holder,*
556 U.S. 418 (2009) ........................................................................................................ 10

*Ohio v. EPA,*
603 U.S. 279 (2024) .......................................................................................................... 8

*Oneida Nation of New York v. Cuomo,*
645 F.3d 154 (2d Cir. 2011) ............................................................................................... 5

*Parra Rodriguez v. Noem*,
2025 WL 1284722 (D. Conn. May 1, 2025) ...................................................................... 7

*Planned Parenthood of N.Y.C., Inc. v. U.S. Dep't of Health & Hum. Servs.,*
337 F. Supp. 3d 308 (S.D.N.Y. 2018) .............................................................................. 12

*Saget v. Trump*,
375 F. Supp. 3d 280 (E.D.N.Y. 2019) .............................................................................. 12

*Salinger v. Colting*,
607 F.3d 68 (2d Cir. 2010) ............................................................................................... 10

*SAM Party of N.Y. v. Kosinski*,
987 F.3d 267 (2d Cir. 2021) ............................................................................................. 10

*Straw v. U.S. Dep't of State,*
2020 WL 2490022 (D. Md. May 14, 2020) ....................................................................... 7

iii

*United States v. Miller,*
604 U.S. 518 (2025) ................................................................................................ 6

*Weise v. U.S. Dep't of State,*
2026 WL 392433 (S.D.N.Y. Feb. 12, 2026) ........................................................ 1, 3

*Widakuswara v. Lake,*
773 F. Supp. 3d 46 (S.D.N.Y. 2025) ........................................................................ 8

*Winter v. Nat. Res. Def. Council,*
555 U.S. 7 (2008) ..................................................................................................... 5

**Statutes and Rules**

5 U.S.C. § 705 .......................................................................................................... 5

5 U.S.C. § 706(2)(A) ................................................................................................ 8

22 U.S.C. § 2671 ...................................................................................................... 6

Fed. R. Civ. P. 65 ..................................................................................................... 5

**Other Authorities**

7 FAM § 371(i)(5) ..................................................................................................... 7

7 FAM § 371(i)(5)(a) ................................................................................................. 7

7 FAM § 374.4(a) ...................................................................................................... 7

7 FAM § 374.4(f) ....................................................................................................... 7

Foreign Affairs Manual ............................................................................................. 7

Plaintiff Wolfgang Weise ("Plaintiff" or "Weise") respectfully submits this memorandum of law in support of his motion for a temporary restraining order and preliminary injunction enjoining Defendant U.S. Department of State ("State Department" or "Department") from collecting, garnishing, offsetting, referring, reporting, or otherwise enforcing the disputed repatriation loan debt while this action remains pending.

## **INTRODUCTION**

This case is about a repatriation loan that should never have been issued. That loan has resulted in a nearly $6,000 debt that continues to be collected from a homeless man's Social Security benefits.

The State Department claims that Plaintiff owes thousands of dollars in connection with a repatriation loan apparently issued to return him to the United States. Weise disputes the debt. He does not recognize the loan-related documents the Department relies on, denies knowingly authorizing a loan in the amount claimed, and denies agreeing to pay for another person's travel or expenses. Nor is there any apparent reason a one-way trip from Europe to the United States would cost thousands of dollars.

The problem is not just the amount. A substantial portion of the debt appears to relate to an alleged escort, even though Mr. Weise did not need an escort, did not request one, and was never told that the escort's travel or expenses would be charged to him through a loan in his name. In Plaintiff's pending related litigation, the court likewise observed that the record offers "no indication" why an escort was provided. *Weise v. U.S. Dep't of State*, 2026 WL 392433, at *2 (S.D.N.Y. Feb. 12, 2026).

These defects are not minor. The repatriation loan program does not offer a blank check or unlimited spending for travel. Congress authorized repatriation loans for the limited purpose

1

of returning destitute citizens to the United States, and the Department's own guidance requires costs to be reasonable and limited to the minimum necessary to accomplish repatriation. By issuing and enforcing an inflated debt, the Department exceeded its statutory authority, acted arbitrarily and capriciously, and deprived Mr. Weise of his benefits without constitutionally adequate process.

These consequences fall on a homeless, elderly, and financially vulnerable man. He depends on his Social Security benefits for basic needs and food. Yet the Department has treated the disputed debt as valid, placed him in default, and caused or permitted the garnishment of those benefits. For someone in Plaintiff's position, this is not a couple of dollars or a small amount. Every reduction in benefits makes it harder for him to eat, live, and stabilize his circumstances.

Plaintiff is likely to succeed on the merits, he faces irreparable harm, and the balance of equities and public interest favor relief. The Court should temporarily and preliminarily enjoin further collection activity while this action proceeds.

**RELEVANT FACTS**[1]

**The Repatriation Loan**

Plaintiff is a United States citizen who, several years ago, found himself stranded in Europe and outside the United States with limited resources. Compl. ¶¶ 10, 24. Plaintiff eventually returned to the United States through circumstances that he did not fully understand at the time. *Id.* ¶ 11. Those same circumstances caused him to be held responsible for a repatriation loan debt to the Department of State in an amount exceeding $5,000. Weise Decl. ¶ 5-11.

---

[1] "Elamad Decl." refers to the Declaration of Sami Elamad, dated June 3, 2026, and filed concurrently herewith. "Weise Decl." refers to the Declaration of Wolfgang Weise, dated June 1, 2026, and filed concurrently herewith. "Compl." refers to the Complaint, ECF No. 1.

2

The Department claims that Weise owes more than $5,000 in connection with a repatriation loan allegedly issued for his return to the United States. *See* Compl ¶ 39. However, Plaintiff disputes the validity, amount, and enforceability of the alleged debt. *Id.* ¶ 40. He does not recognize the loan-related documents relied upon by the Department as documents he knowingly signed or authorized. *Id.* ¶¶ 15, 16, 41; Weise Decl. ¶¶ 4-12.

Weise was not told that a repatriation loan was being taken out in his name in the amount now claimed by the Department. *See* Weise Decl. ¶ 6. He was not told that he would be financially responsible for the travel, lodging, or related expenses of another person. *Id.* ¶ 7.

Weise did not need an escort or support person to travel to the United States. *Id.* ¶ 8. He has traveled independently, lived independently, and managed his own affairs, including in New York. Compl. ¶ 44. At most, Weise understood that another person's involvement was supposedly necessary to help secure or arrange his travel. Weise Decl. ¶ 9; Compl. ¶¶ 44-47. He was not told that this person was being treated as an escort whose expenses would be charged to him through a repatriation loan. *Id.*; Compl. ¶ 46.

On top of that, it is unclear why travel costs from Europe to the United States would cost thousands of dollars. Elamad Decl., Ex. 3. The Court in Weise's related passport litigation—*Weise I*— has already recognized concerns regarding the escort issue, noting that "the record offers no indication as to why an escort was provided." *Weise v. U.S. Dep't of State*, 2026 WL 392433, at *2 (S.D.N.Y. Feb. 12, 2026). All told, the amount claimed by the Department exceeds the actual cost necessary to return Plaintiff from Europe to the United States and thus runs afoul of the statute governing repatriation loans. *See* Elamad Decl. ¶ 26, Ex. 3

3

**The Department's Collection Efforts**

Despite Plaintiff's dispute regarding the debt, the Department treated the alleged loan as valid, placed or maintained him in default, and referred, caused, or permitted collection activity. Compl. ¶¶ 62-64, 76; *see* Weise Decl. 12-16.

Plaintiff has received letters from the Social Security Administration indicating that the Department of the Treasury would withhold portions of his Social Security benefits. Compl., Ex. 1. The withholding or offset of Mr. Weise's benefits has continued while related issues concerning the repatriation loan, default, and passport consequences remain disputed. *Id.* ¶ 76.

Weise relies on his Social Security benefits for basic needs. Weise Decl. ¶¶ 13-16. Not only that, but Weise remains homeless or without stable housing and has lived in shelters and other unstable placements since returning to the United States. *Id.* 14; Compl. ¶¶ 2, 25, 66. Thus, the garnishment or offset of Mr. Weise's benefits has caused and continues to cause severe hardship. Weise Decl. ¶ 15.

**Plaintiff's Efforts to Informally Resolve This Dispute**

Plaintiff first attempted to resolve these issues without motion practice or new litigation. Compl. ¶¶ 69-72; Elamad Decl. ¶¶ 6-23. On April 1, 2026, Plaintiff's counsel spoke by telephone with counsel for the Department regarding the repatriation loan, passport issues, and possible ways to address the alleged debt. Compl. ¶ 70; Elamad Decl. ¶¶ 8-10.

Plaintiff's counsel thereafter followed up in writing and by email. Elamad Decl. ¶10-14. On May 14, 2026, Plaintiff's counsel sent a meet-and-confer letter to government counsel raising serious concerns regarding the repatriation loan, the garnishment or offset of Mr. Weise's benefits, the amount of the loan, the alleged escort, Mr. Weise's lack of knowing authorization, and Mr. Weise's need for immediate relief. *Id.* ¶¶ 15-16; Compl., Ex. 2.

4

Mr. Weise also submitted an application for waiver and/or deferral of the repatriation loan. Compl. ¶ 73, Ex. 3. Mr. Weise also submitted a Standard Form 95 Notice of Claim to the Department of State concerning the issuance, enforcement, and collection of the alleged debt. *Id.* ¶ 74, Ex. 4. Despite these efforts, collection activity has continued. Elamad Decl. ¶¶ 21-31.

## STANDARD OF REVIEW

Rule 65 of the Federal Rules of Civil Procedure governs temporary restraining orders and preliminary injunctions, which both share identical standards in this Circuit. *See, e.g., Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020); *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases).

A party seeking a preliminary injunction must establish: (1) a likelihood of irreparable harm in the absence of an injunction; (2) a likelihood of success on the merits; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *See, e.g., Mendez v. Banks,* 65 F.4th 56, 63-64 (2d Cir. 2023); *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)); *Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011). In the context of the APA, the Court may also postpone agency action where necessary to prevent irreparable injury. *See* 5 U.S.C. § 705; *e.g., Afr. Communities Together v. Lyons*, No. 25-CV-6366 (PKC), 2026 WL 1382944, at *3 (S.D.N.Y. May 18, 2026).

## ARGUMENT

### I.   Plaintiff Is Likely To Succeed on the Merits

To establish a likelihood of success on the merits, a plaintiff "'need not show that success is an absolute certainty'; instead, they must show that the probability of [their] prevailing is better than fifty percent." *Nat'l Job Corps Ass'n v. Dep't of Lab.*, 788 F. Supp. 3d 642, 655

(S.D.N.Y. 2025) (cleaned up) (citing *Airbnb, Inc. v. City of New York*, 373 F. Supp. 3d 467, 480 (S.D.N.Y. 2019)).

Plaintiff is likely to succeed because the Department's issuance and enforcement of the loan exceeded its statutory authority, is not in accordance with law, is arbitrary and capricious, and failed to observe procedures required by law.

### A.  **The Department Exceeded Its Statutory Authority**

In determining whether agency action exceeds statutory authority, "the question . . . is always whether the agency has gone beyond what Congress has permitted it to do." *City of Arlington v. FCC*, 569 U.S. 290, 297-98 (2013). As a general matter, an agency acts contrary to law when it acts "contrary to existing valid regulations." *Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954); *Fed. Defs. of N.Y. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020).

As a starting point, the statute is instructive. The Department's authority to issue repatriation loans is limited by statute. Section 2671 authorizes loans to destitute citizens outside the United States to provide for their return to the United States. *See* 22 U.S.C. § 2671. And "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme," particularly 'when construing phrases that govern conceptual relationships . . . whose meanings inherently depend on their surrounding context.'" *United States v. Miller*, 604 U.S. 518, 533 (2025) (describing interpretive canon).

The debt claimed by the Department exceeds $5,000 and appears to include charges beyond what was necessary to return Mr. Weise to the United States. The Department's authority to provide return assistance does not include authority to impose unnecessary, unauthorized, or unexplained charges on Mr. Weise, nor to enforce an inflated debt where the Department has not shown that the expenses were necessary, authorized, and properly chargeable to him.

6

A substantial portion of the debt appears to relate to another person characterized as an escort or support person. But Mr. Weise did not need an escort, did not knowingly request one, and was not told that another person's travel or lodging would be charged to him through a loan in his name.

The Department's own guidelines—codified in the Foreign Affairs Manual[2] ("FAM" or "Manual")—confirm the problem. *First*, transportation costs must be reasonable and appropriate, "limited to the minimum cost," 7 FAM § 371(i)(5), and "should be accomplished by the least expensive means available," id. (5)(a). Plaintiff's costs (close to six thousand dollars) do not come close to the minimum cost necessary. *Second*, escorts are available only to individuals with disabilities and the like. *See* 7 FAM § 374.4(a). Plaintiff has long lived in the United States and elsewhere without any escort or support service; it is far from clear why he would need one now. *Third*, escort fees over $1,000 require additional justification and special approval. *See* 7 FAM § 374.4(f). That never happened here, or at least there is no indication of it.

Because the Department enforced an inflated debt untethered to its return-assistance authority and contrary to its own controlling regulations, Plaintiff is likely to succeed on his claim that the Department acted contrary to law and in excess of statutory authority.

### B. The Department's Action Was Arbitrary and Capricious

Under the APA, the "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not

---

[2] The State Department's administration of the repatriation loan program is governed by the Foreign Affairs Manual, available at fam.state.gov. *See Parra Rodriguez v. Noem*, 2025 WL 1284722, at *1 n.1 (D. Conn. May 1, 2025); *Esghai v. U.S. Dep't of State*, No. 24 CIV. 2993 (PAE), 2024 WL 4753799, at *1 n.1 (S.D.N.Y. Nov. 12, 2024); *Straw v. U.S. Dep't of State*, 2020 WL 2490022, at *2 (D. Md. May 14, 2020), *aff'd sub nom, Straw v. United States Dep't of State*, 813 F. App'x 108 (4th Cir. 2020) ("Administration of the repatriation loan program in governed by the State Department's Foreign Affairs Manual").

in accordance with law," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," and/or "without observance of procedure required by law." *Metro. Transportation Auth. v. Duffy*, 784 F. Supp. 3d 624, 667 (S.D.N.Y. 2025) (quoting 5 U.S.C. § 706(2)(A)). "An agency action qualifies as arbitrary or capricious if it is not reasonable and reasonably explained." *Ohio v. EPA,* 603 U.S. 279, 292 (2024). A reviewing court "must ensure . . . that the agency has offered a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made." *Id.*

The Department treated the alleged repatriation-loan debt as valid and enforceable without adequately explaining or substantiating the amount claimed. On the facts set out above, the Department has not adequately explained why the alleged loan exceeded $5,000; why an escort was necessary; or why any escort-related travel, lodging, or related expenses were properly charged to Plaintiff.

Nor has the Department adequately considered whether Weise knowingly authorized the alleged loan documents; whether he knowingly agreed to be financially responsible for another person's travel or expenses; his homelessness, vulnerability, financial condition, and continuing hardship before maintaining or permitting collection activity; or whether collection activity should be suspended while the validity, amount, and enforceability of the alleged debt remain actively disputed. Those failures are arbitrary and capricious.

### C.  The Department Violated Plaintiff's Due Process Rights

The APA's prohibition on agency action "not in accordance with law" encompasses constitutional requirements. *See, e.g., Widakuswara v. Lake*, 773 F. Supp. 3d 46, 56 (S.D.N.Y. 2025) (citing, *inter alia, Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 414 (1971)).

8

Plaintiff has a protected property interest in his Social Security benefits, as well as protected interests affected by the Department's default determination, debt enforcement, and passport-related consequences. The Department deprived and continues to deprive Mr. Weise of those interests by enforcing, garnishing, or offsetting benefits based on a disputed debt without adequate process.

The Department failed to provide meaningful notice of the basis and calculation of the alleged debt, including the basis for charging Mr. Weise for another person's travel or expenses. It failed to provide a meaningful opportunity to dispute the validity, amount, and enforceability of the alleged debt before collection activity proceeded, and failed to provide a meaningful opportunity to prevent or challenge ongoing garnishment or offset before severe hardship occurred. That process is constitutionally inadequate, especially where the benefits at issue are subsistence benefits and Plaintiff remains homeless.

## II.    Plaintiff Will Likely Suffer Irreparable Harm

In the Second Circuit, a "showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (cleaned up); *see, e.g., Doe v. Noem*, No. 26 CIV. 2103 (DEH), 2026 WL 1192079, at *15 (S.D.N.Y. May 1, 2026). And more: the harm must be "neither remote nor speculative, but actual and imminent." *Freedom Holdings, Inc. v. Spitzer,* 408 F.3d 112, 114 (2d Cir. 2005) (internal quotation marks and citation omitted).

Here, Plaintiff will suffer irreparable harm absent immediate relief. The Department's collection activity is not merely administrative or technical: it is causing the withholding or offset of Social Security benefits from a homeless and financially vulnerable individual who depends on those benefits for basic needs. Weise remains homeless or without stable housing. He

9

relies on his benefits for food, shelter, transportation, communication, and other necessities. Every withheld dollar immediately worsens his ability to survive and stabilize his circumstances.

Money damages later would not adequately remedy the harm caused by depriving a homeless person of subsistence benefits now. Recovering money damages from the federal government is also neither easy nor simple after the fact. The issue is therefore not simply the amount withheld; it is the immediate and irreversible effect of withholding benefits from someone who has no stable housing and no meaningful financial cushion.

The continuing offset compounds the harm caused by the disputed debt itself. Weise cannot meaningfully stabilize his circumstances while the Department continues enforcing a debt he disputes, based on documents he does not recognize, in an amount that appears to exceed the lawful purpose of the repatriation loan program. Because the harm is ongoing and affects Plaintiff's basic survival needs, irreparable harm is established.

### III.    The Balance Of Equities And Public Interest Strongly Favors Plaintiff

The remaining factors decisively favor a stay. "Turning to the final two factors, the Court must weigh the balance of the equities and determine whether preliminary relief is in the public interest"—"inquiries that merge when the Government is the opposing party." *Doe v. Noem*, No. 26 CIV. 2103 (DEH), 2026 WL 1192079, at *16 (S.D.N.Y. May 1, 2026) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)); *see SAM Party of N.Y. v. Kosinski*, 987 F.3d 267, 278 (2d Cir. 2021).

In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. *Salinger v. Colting*, 607 F.3d 68, 81-82 (2d Cir. 2010) (citation omitted). Plaintiff need only show a "threat of irreparable harm, not that irreparable harm already [has] occurred." *Mullins v. City of New York*, 626 F.3d 47, 55 (2d Cir. 2010) (emphasis in original).

10

### A.  Balance Of Equities

The balance of hardships strongly favors Plaintiff. Despite his best efforts, Mr. Weise remains in a seemingly endless limbo. Absent this Court's intervention, he will continue to lose a portion of his Social Security benefits while homeless and financially vulnerable. And "because money damages are prohibited in APA actions, economic injuries caused by arbitrary and capricious agency action are irreparable." *New York v. Noem*, 812 F. Supp. 3d 321, 337 (S.D.N.Y. 2025) (quotations in original). That loss immediately affects Plaintiff's ability to meet basic needs, which suffices to show harm. *See New Jersey v. U.S. Dep't of Transportation*, No. 26-CV-00939 (JAV), 2026 WL 323341, at *4 (S.D.N.Y. Feb. 6, 2026) ("[m]onetary loss can constitute irreparable harm when a party would have no means to recoup such losses") (citation omitted).

By contrast, the Department faces little prejudice from temporarily suspending collection while the Court reviews the validity, amount, and enforceability of the debt. The Department can preserve its position and resume collection later if it ultimately establishes a valid and enforceable debt in a lawful amount. Temporary suspension simply preserves the status quo and prevents further harm while the Court reviews serious questions concerning the alleged debt. And "[o]ur system does not permit agencies to act unlawfully even in pursuit of desirable ends." *Doe v. Noem*, 2026 WL 1192079, at *17 (cleaned up) (quoting *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 766 (2021)). The balance of hardships therefore tips decisively in Plaintiff's favor.

### B.  The Public Interest

The public interest supports injunctive relief. Because Plaintiff has established both a strong likelihood of prevailing on the merits and irreparable harm, a preliminary injunction likely

11

serves the public interest. *See Saget v. Trump*, 375 F. Supp. 3d 280, 377 (E.D.N.Y. 2019) ("Because Plaintiffs have shown both a likelihood of success on the merits and irreparable harm, it is also likely the public interest supports preliminary relief.")

Moreover, the public also has a strong interest in ensuring that federal agencies act within statutory limits and provide fair process before collecting disputed debts. Indeed, "[t]here is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." *Planned Parenthood of New York City, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 337 F. Supp. 3d 308, 343 (S.D.N.Y. 2018) (cleaned up). Conversely, "[t]here is generally no public interest in the perpetuation of unlawful agency action." *New York v. Noem*, 812 F. Supp. 3d 321, 337 (S.D.N.Y. 2025) (citation omitted) (cleaned up). And the public has a strong interest in preventing the improper garnishment or offset of subsistence benefits from vulnerable individuals, especially where the debt is disputed and the individual remains homeless.

The requested injunction would not prevent the Department from ever collecting a valid debt; it would only require the Department to pause collection while the Court determines whether the debt is valid, lawful, and enforceable. That relief serves the public interest.

## CONCLUSION

For all these reasons, Plaintiff respectfully requests that the Court grant his motion for a temporary restraining order and preliminary injunction and enter an order:

1. Enjoining the Department from collecting, garnishing, offsetting, referring, reporting, or otherwise enforcing the disputed repatriation-loan debt during the pendency of this action or until further order of the Court;

2. Directing the Department to take all necessary steps to suspend or stop any ongoing garnishment or offset of Mr. Weise's Social Security benefits;

3. Directing the Department to notify any agency, office, contractor, or collection entity involved in collecting the debt that collection activity must be suspended; and

4.  Granting such other and further relief as the Court deems just and proper.

Dated:  June 3, 2026                                THE ATLANTIC FOUNDATION
            Brooklyn, NY


                                                    By:  ___/s/  Sami Elamad_____

                                                         Sami Elamad
                                                         450 Lexington Ave., #69
                                                         New York, NY 10163
                                                         Tel. (646) 685-3954
                                                         Fax (646) 712-9501
                                                         sami@the-atlantic-foundation.org


                                                         *Pro Bono Attorneys for*
                                                         *Plaintiff Wolfgang Weise*

13