**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WOLFGANG WEISE, <br><br>             Plaintiff, <br><br> vs. <br><br> U.S. DEPARTMENT OF STATE, <br> YURI PISKUN, PATRICK J. KNAPP, and <br> DOES 1-19, inclusive, <br><br>             Defendants. | No. 26-cv-4422 (LJL) <br><br><br> **FIRST AMENDED COMPLAINT** |

Plaintiff Wolfgang Weise ("Plaintiff" or "Weise"), by and through his undersigned *pro bono* counsel, brings this action against Defendants U.S. Department of State, Yuri Piskun, Patrick Knapp, and Does 1-19, inclusive (collectively, "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This case concerns the federal government's issuance, enforcement, and collection of a disputed repatriation loan that was allegedly issued to Plaintiff under improper, coercive, misleading, fraudulent, and/or unlawful circumstances.

2.      Plaintiff remains homeless, financially vulnerable, and without stable resources.

3.      Without his knowing authorization or informed consent, Plaintiff was placed on the hook for a repatriation loan through the U.S. Department of State in an amount exceeding $5,000.

4.      The debt far exceeds what appears to have been necessary to return Plaintiff to the United States.

1

5.     A substantial portion of the debt appears to relate to expenses for another individual who was characterized as an escort or support person, even though Plaintiff did not need an escort, did not knowingly request one, and was not told that he would be financially responsible for that person's travel or expenses.

6.     Plaintiff brings this action primarily against the Department to stop collection activity, set aside or suspend enforcement of the disputed debt, require a lawful determination of the validity and amount of the debt, and obtain declaratory and injunctive relief.

7.     Plaintiff also brings limited claims against Yuri Piskun, Patrick J. Knapp, and any other presently unknown Doe Defendants who knowingly participated in, facilitated, or benefited from the circumstances that caused an inflated repatriation loan to be issued in Plaintiff's name.

8.     The full identities and roles of Patrick J. Knapp, the Doe Defendants, and all other persons involved are not yet fully known. Their identities and roles are expected to be clarified through discovery and will be properly amended under the Federal Rules.

9.     Plaintiff seeks immediate relief preventing the Department from further collecting, garnishing, offsetting, referring, reporting, or otherwise enforcing the debt unless and until the Department provides lawful process and establishes a valid debt in a lawful amount.

## INTRODUCTION

10.     Several years ago, Plaintiff found himself stuck and homeless in a Belarus train station and with little resources to get back home to the United States.

11.     Plaintiff eventually returned to the United States through circumstances he did not fully understand at the time.

12.     Plaintiff understood only that another person's involvement was supposedly necessary to help arrange or secure his travel.

13.     Plaintiff was not told that this person was being treated as an escort whose travel and related expenses would be charged to Plaintiff through a repatriation loan.

14.     Plaintiff was not told that a repatriation loan was being taken out in his name in the amount now claimed by the Department.

15.     Plaintiff did not knowingly authorize a repatriation loan in the amount the Department now claims he owes.

16.     Plaintiff does not recognize the loan-related documents relied upon by the Department as documents he knowingly signed or authorized.

17.     Plaintiff disputes the validity, amount, and enforceability of the debt.

18.     The Department nevertheless treated the debt as valid and collectible.

19.     Plaintiff's passport was later revoked and/or denied in connection with issues that included the repatriation loan and claimed default.

20.     Plaintiff brought suit against the Department in Weise v. U.S. Department of State, No. 24-cv-5760, currently pending in this Court before Judge Liman ("*Weise I*"), which is primarily about Plaintiff's passport.

21.     In *Weise I,* the court recognized similar concerns regarding the escort, noting that "the record offers no indication as to why an escort was provided." *Weise v. U.S. Dep't of State*, 2026 WL 392433, at *2 (S.D.N.Y. Feb. 12, 2026).

22.     Collection activity has continued while the underlying debt remains disputed.

23.     Plaintiff now seeks relief from this Court to prevent further collection activity and to require the Department to establish, through lawful process, whether any valid debt exists and, if so, in what lawful amount.

**THE PARTIES**

24.     Plaintiff Wolfgang Weise ("Plaintiff" or "Weise") is a United States citizen and resident of New York.

25.     Plaintiff, as of yet, remains homeless or without stable housing and has lived in shelters and other unstable placements since returning to the United States.

26.     Defendant United States Department of State ("State Department" or "Department") is a federal government agency authorized to issue loans for destitute citizens.

27.     Defendant Yuri Piskun ("Yuri") is the escort apparently responsible for accompanying Plaintiff on his flight to the United States. Plaintiff is informed and believes that Yuri Piskun was the person characterized in the Department's records as an escort or support person connected to Plaintiff's return travel.

28.     Plaintiff is further informed and believes that Yuri Piskun received travel, lodging, or related benefits that were charged to Plaintiff through the repatriation loan.

29.     Plaintiff is further informed and believes that Yuri Piskun may have knowingly participated in, facilitated, or benefited from the circumstances that caused charges for his travel, lodging, or related expenses to be placed on Plaintiff's debt.

30.     Defendant Patrick J. Knapp ("Knapp") is, on information and belief, an employee or representative of the U.S. Department of State or U.S. Consular Services who was involved in or signed off on the repatriation loan application or related documentation in connection with Plaintiff's return to the United States.

31.     Plaintiff is informed and believes that Knapp may have participated in, authorized, facilitated, or otherwise played a role in the circumstances giving rise to the disputed

loan, including the inclusion of escort-related expenses charged to Plaintiff. Plaintiff does not yet know the full extent of Knapp's role, which is expected to be clarified through discovery.

32.    Defendant Does 1-19 are presently unknown individuals, entities, agents, representatives, contractors, intermediaries, or other persons who may have participated in, facilitated, arranged, authorized, received, or benefited from travel, lodging, escort-related expenses, or other benefits charged to Plaintiff through the repatriation loan.

33.    Plaintiff does not presently know the true identities of the Doe Defendants and therefore sues them by fictitious names. Plaintiff will seek leave to amend this Complaint once their true identities and roles are ascertained.

## JURISDICTION AND VENUE

34.    The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. This action arises under the Constitution, laws, and regulations of the United States, including the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and the Due Process Clause of the Fifth Amendment.

35.    The Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202. The Court has authority to grant injunctive relief under the APA, 5 U.S.C. §§ 705 and 706, and this Court's equitable powers.

36.    The Court has supplemental jurisdiction over related claims against Yuri, Knapp, and Doe Defendants under 28 U.S.C. § 1367 because those claims arise from the same case or controversy, including the repatriation loan, escort-related expenses, and resulting debt charged to Plaintiff.

37.    Venue is proper under 28 U.S.C. § 1391 (e), (b), because Plaintiff resides in this District and/or a substantial part of the events  at issue occurred in this District.

## FACTUAL ALLEGATIONS

38.     Weise is the plaintiff in *Weise v. U.S. Department of State*, No. 24-cv-5760, pending in the United States District Court for the Southern District of New York, pending before Judge Liman.

39.     That litigation concerns, among other things, Plaintiff's passport and related issues involving the Department of State.

40.     In connection with those issues, the Department has relied on an alleged repatriation loan.

41.     The Department claims that Plaintiff owes more than $5,000 in connection with that alleged loan.

42.     Plaintiff disputes the validity, amount, and enforceability of the alleged loan. He does not recognize the loan-related documents relied upon by the Department.

43.      Plaintiff denies knowingly signing or authorizing those documents in the form relied upon by the Department.

44.     Plaintiff was not told that he would be financially responsible for the travel expenses of another person.

45.     Plaintiff did not need an escort or support person to travel to the United States.

46.     Plaintiff has traveled independently, lived independently, and managed his own affairs, including in New York.

47.     At most, Plaintiff understood that another person's involvement was supposedly necessary to help secure or arrange his travel.

48.     Plaintiff was not told that this person was being treated as an escort whose expenses would be charged to Plaintiff through a repatriation loan.

6

49.     Plaintiff did not knowingly agree to be financially responsible for any escort, support person, or other third party.

50.     The court in *Weise I* raised similar concerns about the escort. More specifically, the court observed, "the record offers no indication as to why an escort was provided." *Weise v. U.S. Dep't of State*, 2026 WL 392433, at *2 (S.D.N.Y. Feb. 12, 2026).

51.     The amount claimed by the Department appears to far exceed the actual cost necessary to return Plaintiff from Europe to the United States.

52.     The excessive amount of the debt raises serious questions regarding whether the loan exceeded the statutory scope and purpose of the repatriation loan program.

53.     Section 2671 authorizes loans to destitute citizens outside the United States to provide for their return to the United States. 22 U.S.C. § 2671(b)(2)(B).

54.     The Foreign Affairs Manual ("FAM" or "Manual") similarly describes repatriation loans as loans for destitute United States citizens outside the United States to provide for return to the United States.

55.     Here, however, the debt appears to include amounts beyond what was necessary to return Plaintiff to the United States.

56.     The alleged debt appears to include costs associated with another person who was characterized as an escort or support person.

57.     Plaintiff did not need an escort. Plaintiff did not knowingly request an escort. Plaintiff did not knowingly authorize charges for another person's travel or expenses.

58.     Plaintiff did not understand that another person's travel or lodging costs would become part of a loan in Plaintiff's name.

59.    Plaintiff is informed and believes that Yuri Piskun, Knapp, and/or other Doe Defendants received travel, lodging, transportation, documentation, escort-related expenses, or other benefits that were charged to Plaintiff through the alleged repatriation loan.

60.    Plaintiff is informed and believes that Yuri Piskun, Knapp, and/or other Doe Defendants were unjustly enriched by receiving those benefits at Plaintiff's expense.

61.    Plaintiff is informed and believes that Yuri Piskun, Knapp, and/or other Doe Defendants may have obtained, retained, or benefited from funds, travel, lodging, or services that were improperly charged to Plaintiff.

62.    Plaintiff did not authorize Yuri, Knapp, or any other person to obtain free or subsidized travel, lodging, or related benefits at Plaintiff's expense.

63.    Plaintiff did not authorize Yuri, Knapp, or any other person to cause charges for such expenses to be included in a loan in Plaintiff's name.

64.    The Department nevertheless treated the alleged loan as valid, placed or maintained Plaintiff in default, and referred, caused, or permitted collection activity.

65.    Plaintiff has received letters from the Social Security Administration indicating that the Department of the Treasury would withhold portions of his Social Security benefits.

66.    The withholding or offset of Plaintiff's benefits has continued during active litigation concerning the repatriation loan, default, and passport-related consequences. Copies of Social Security Administration letters dated February 3, 2026 and April 3, 2026 are attached as **Exhibit 1**.

67.    Since returning to the United States, Plaintiff has lacked permanent housing and has lived in shelters or other unstable placements.

68. Plaintiff's circumstances remain unstable. The garnishment or offset of Plaintiff's Social Security benefits has caused and continues to cause severe hardship.

69. Plaintiff relies on his benefits for basic needs.

70. The Department's collection activity has made Plaintiff's already unstable situation worse.

71. Plaintiff, through counsel, attempted to meet and confer with counsel for the Department regarding these issues.

72. On April 1, 2026, Plaintiff's counsel spoke by telephone with counsel for the Department regarding the repatriation loan, the default, the passport-related consequences, and possible ways to address the alleged debt.

73. Plaintiff's counsel thereafter followed up in writing.

74. On May 14, 2026, Plaintiff's counsel sent a meet-and-confer letter to government counsel raising serious concerns regarding the repatriation loan, the garnishment or offset of Plaintiff's benefits, the amount of the loan, the alleged escort, Plaintiff's lack of knowing authorization, and Plaintiff's need for immediate relief. A copy of the May 14, 2026 letter is attached as **Exhibit 2**.

75. Plaintiff also recently submitted an application for waiver and/or deferral of the repatriation loan. A copy of Plaintiff's loan waiver/deferral application is attached as **Exhibit 3**.

76. Plaintiff properly filed a Notice of Claim to the Department of State concerning the issuance, enforcement, and collection of the alleged debt. A copy of the Standard Form 95 Notice of Claim is attached as **Exhibit 4**.

77. Plaintiff has requested that the Department suspend collection activity, offset, referral, reporting, passport-related consequences, and similar enforcement activity while these issues are addressed.

78. To date, collection activity has not been suspended.

79. Plaintiff has advised the Department of the foregoing information and provided an opportunity to respond or correct course.

80. The Department has not provided a sufficient explanation for the amount of the alleged debt.

81. The Department has not provided a sufficient explanation for why an escort was necessary.

82. The Department has not provided a sufficient explanation for why any escort-related expenses were charged to Plaintiff.

83. The Department has not provided a sufficient explanation for why collection activity should continue while the alleged debt remains disputed.

84. Plaintiff seeks immediate relief preventing further collection, garnishment, offset, referral, reporting, or passport-related consequences based on the disputed debt.

## CAUSES OF ACTION

### FIRST COUNT
### Violation of Administrative Procedure Act - Contrary to Law and Excess of Statutory Authority

85. Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

86.     Under the APA, a court shall "hold unlawful and set aside agency action . . . found to be . . . not in accordance with law" or "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(A)-(C).

87.     The Department's issuance, validation, maintenance, enforcement, referral, and/or collection of the alleged repatriation loan constitutes reviewable agency action.

88.     The Department acted contrary to law and/or in excess of statutory authority by treating the alleged loan as valid and enforceable where the amount claimed exceeded the lawful scope and purpose of the repatriation loan statute.

89.     The repatriation loan statute authorizes loans to provide for the return of destitute United States citizens to the United States.

90.     The Department's authority does not include issuing or enforcing an excessive loan that includes unnecessary or unauthorized charges beyond what was required to return Plaintiff to the United States.

91.     The Department's authority does not include charging Plaintiff for another person's travel or expenses absent lawful authorization, necessity, and Plaintiff's knowing agreement.

92.     The Department acted contrary to law by treating Plaintiff as responsible for a debt that he did not knowingly authorize in the amount claimed.

93.     The Department acted contrary to law by maintaining Plaintiff in default and permitting collection activity based on an invalid, excessive, disputed, and/or unlawfully calculated debt.

94.     Plaintiff is entitled to an order setting aside or suspending the Department's debt determination, default determination, referral, collection activity, and related enforcement actions.

## SECOND COUNT
### Violation of Administrative Procedure Act - Arbitrary and Capricious

95.     Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

96.     Under the APA, a court shall "hold unlawful and set aside agency action . . . found to be arbitrary [or] capricious." 5 U.S.C. § 706(2)(A).

97.     Here, the Department acted arbitrarily and capriciously by treating the alleged loan as valid and enforceable without adequately explaining or substantiating the amount of the alleged debt.

98.     The Department failed to adequately explain why the alleged loan exceeded $5,000.

99.     The Department failed to adequately explain why the loan amount far exceeded what appears to have been necessary to return Plaintiff to the United States.

100.    The Department failed to adequately explain why any escort or support person was necessary.

101.    The Department failed to adequately explain why any escort-related travel, lodging, or related expenses were properly charged to Plaintiff.

102.    The Department failed to adequately consider whether Plaintiff knowingly authorized the alleged loan documents.

103.    The Department failed to adequately consider whether Plaintiff knowingly agreed to be financially responsible for another person's travel or expenses.

104.    The Department failed to adequately consider Plaintiff's homelessness, vulnerability, financial condition, and continuing hardship before maintaining or permitting collection activity.

105.    The Department failed to adequately consider whether collection activity should be suspended while the validity, amount, and enforceability of the alleged debt remain actively disputed.

106.    The Department's actions were thus arbitrary, capricious, an abuse of discretion, and not in accordance with law.

### THIRD COUNT
**Violation of Federal Debt Collection Requirements and the Administrative Procedure Act**

107.    Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

108.    The Department has referred, collected, garnished, offset, or otherwise enforced the alleged debt against Plaintiff, or caused such collection activity to occur.

109.    The statute limits the Department's authority to loans reasonably necessary to provide for the return of destitute citizens to the United States.

110.    The Department has not provided Plaintiff meaningful notice and process sufficient to establish the validity, amount, and enforceability of the alleged debt before collection activity proceeded.

111.    The Department has not provided Plaintiff a meaningful opportunity to contest the alleged debt before garnishment or offset of his benefits.

112.    The Department has not established that the alleged debt is valid, lawful, properly calculated, and enforceable in the amount claimed.

113.    The Department's continued collection, garnishment, offset, referral, reporting, and/or enforcement of the alleged debt is unlawful, arbitrary, capricious, contrary to law, and/or without observance of procedure required by law.

## FOURTH COUNT
### Due Process – Fifth Amendment of the U.S. Constitution

114.    Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

115.    Plaintiff has protected property interests in his Social Security benefits and protected liberty and property interests affected by the Department's actions, default determination, and debt enforcement.

116.    The Department deprived and continue to deprive Plaintiff of protected interests by enforcing, garnishing, or offsetting benefits based on a disputed debt without adequate process.

117.    Defendants failed to provide Plaintiff meaningful notice of the basis and calculation of the alleged debt as well as a basis for charging him for another person's travel or expenses.

118.    Defendants failed to provide Plaintiff a meaningful opportunity to dispute the validity, amount, and enforceability of the alleged debt before collection activity proceeded.

119.    Defendants failed to provide Plaintiff a meaningful opportunity to prevent or challenge ongoing garnishment or offset before severe hardship occurred.

120.    To the extent that Knapp and/or the Doe Defendants participated in, facilitated, or contributed to the circumstances that deprived Plaintiff of his protected property and liberty interests—including by receiving benefits charged to Plaintiff through the alleged loan or by playing a role in its issuance—those defendants are also named in this count. Plaintiff does not

14

yet know the full extent of their individual roles, which is expected to be clarified through discovery.

121. Defendants' conduct violates the Due Process Clause of the Fifth Amendment.

**FIFTH COUNT**
**Equitable Relief - Injunctive and Declaratory Relief**

122. Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

123. An actual controversy exists between Plaintiff and the Department concerning the validity, amount, enforceability, and collection of the alleged repatriation loan.

124. Plaintiff disputes that he knowingly authorized the alleged loan documents and amount claimed. Plaintiff disputes that the alleged debt was lawfully calculated.

125. Plaintiff disputes that the Department may lawfully collect, garnish, offset, refer, report, or impose passport-related consequences based on the alleged debt.

126. Plaintiff has suffered and will continue to suffer irreparable harm absent injunctive relief. Plaintiff remains homeless and financially vulnerable.

127. The ongoing garnishment or offset of Plaintiff's Social Security benefits threatens his ability to meet basic needs.

128. Plaintiff has no adequate remedy at law to prevent the continuing harm caused by ongoing collection activity.

129. The balance of equities favors Plaintiff because the Department can temporarily suspend collection activity while the disputed debt is reviewed, whereas Plaintiff faces severe and ongoing hardship.

130.    The public interest favors preventing unlawful federal debt collection, ensuring lawful administration of repatriation loans, and protecting vulnerable individuals from improper garnishment or offset of public benefits.

131.    Plaintiff is entitled to a declaration that the alleged debt is invalid, unenforceable, unlawfully calculated, or, at minimum, not enforceable absent a lawful determination of its validity and amount.

132.    Plaintiff is entitled to a declaration that the Department may not garnish, offset, refer, report, collect, or impose other consequences based on the debt unless and until the Department provides lawful process.

133.    Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief.

**SIXTH COUNT**
**Unjust Enrichment/Restitution**

134.    Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

135.    Plaintiff pleads this claim in the alternative against Yuri, Knapp, and Doe Defendants.

136.    Knapp is named in this count only to the extent discovery shows that he personally received, retained, or benefited from money, payments, services, travel, lodging, kickbacks, or other value charged to Plaintiff.

137.    Plaintiff is informed and believes that Yuri, Knapp, and/or Doe Defendants received travel, lodging, transportation, documentation, escort-related expenses, or other benefits connected to Plaintiff's return to the United States.

138.    Plaintiff is informed and believes that those benefits were charged, in whole or in part, to Plaintiff through the alleged repatriation loan.

139.    Plaintiff did not knowingly authorize Defendants Yuri, Knapp, or Doe Defendants to receive such benefits at Plaintiff's expense.

140.    Plaintiff did not knowingly agree that Yuri, Knapp, or Doe Defendants' travel, lodging, transportation, documentation, escort-related expenses, or other benefits would be charged to Plaintiff through a loan in Plaintiff's name.

141.    Yuri, Knapp, and/or Doe Defendants benefited at Plaintiff's expense by receiving benefits that were charged to Plaintiff through the alleged debt.

142.    It would be unjust and inequitable for Yuri, Knapp, and/or Doe Defendants to retain the benefit of such travel, lodging, transportation, documentation, escort-related expenses, or other benefits while Plaintiff remains responsible for the alleged debt.

143.    Plaintiff seeks restitution, disgorgement, and any other equitable relief available against Yuri, Knapp, and Doe Defendants for amounts or benefits they received at Plaintiff's expense.

## SEVENTH COUNT
### Fraud, Conversion, or Other Wrongful Participation in Scheme

144.    Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

145.    Plaintiff is informed and believes that Yuri, Knapp, and/or Doe Defendants knowingly participated in, facilitated, or benefited from a scheme or arrangement through which expenses for another person's travel, lodging, transportation, documentation, escort-related services, or other benefits were charged to Plaintiff without Plaintiff's knowing authorization.

146.    Plaintiff is informed and believes that Defendants Yuri, Knapp, and/or Doe Defendants obtained or retained benefits, funds, services, travel, lodging, or other value that were wrongfully charged to Plaintiff.

147.    Plaintiff did not authorize Yuri, Knapp, or Doe Defendants to obtain or retain those benefits at Plaintiff's expense.

148.    Plaintiff did not authorize Yuri, Knapp, or Doe Defendants to cause or permit those charges to be included in a repatriation loan in Plaintiff's name.

149.    Plaintiff was harmed because those charges increased or contributed to the alleged debt now being collected from him.

150.    To the extent Yuri, Knapp, and/or Doe Defendants knowingly obtained, retained, converted, misappropriated, or benefited from money, services, travel, lodging, or other value charged to Plaintiff, Plaintiff is entitled to damages, restitution, disgorgement, and any other available relief.

**EIGHTH COUNT**
**Fraud, Conversion, or Other Wrongful Participation in Scheme**

151.    Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

152.    Plaintiff pleads this claim in the alternative against Yuri, Knapp, and Doe Defendants.

153.    Plaintiff is informed and believes that Yuri received travel, lodging, transportation, escort-related expenses, or other benefits in connection with Plaintiff's return to the United States, and that those benefits were charged to Plaintiff through the disputed repatriation loan.

154.    Plaintiff is informed and believes that Knapp participated in, prepared, witnessed, approved, processed, transmitted, certified, or otherwise signed off on loan-related documents that the Department now relies on to enforce the disputed debt.

155.    Plaintiff specifically recalls interacting with Knapp in connection with his return travel.

156.    Plaintiff alleges that Knapp did not explain that a repatriation loan was being issued in Plaintiff's name in the amount now claimed by the Department.

157.    Plaintiff further alleges that Knapp did not explain that Yuri Piskun's travel, lodging, escort-related expenses, or other related costs would be charged to Plaintiff through a loan.

158.    Plaintiff alleges that Knapp did not obtain Plaintiff's knowing and informed authorization to be financially responsible for Yuri's travel, lodging, escort-related expenses, or related costs.

159.    Plaintiff is informed and believes that the handwriting, signatures, and/or entries on certain loan-related documents raise serious questions concerning whether Plaintiff knowingly completed, signed, or authorized those documents.

160.    Plaintiff is informed and believes that Yuri, Patrick J. Knapp, and/or Doe Defendants knowingly participated in, facilitated, caused, or benefited from the inclusion of unauthorized charges in a repatriation loan issued in Plaintiff's name.

161.    Plaintiff did not knowingly authorize Yuri, Knapp, or Doe Defendants to obtain, approve, process, or include travel, lodging, escort-related expenses, or other benefits in a loan charged to Plaintiff.

162.    As a result, Plaintiff was charged with an inflated and disputed debt, placed in default, subjected to passport-related consequences, and subjected to collection, garnishment, or offset of Social Security benefits.

19

163.    Plaintiff seeks damages, restitution, disgorgement, declaratory relief, and any

other available relief against Yuri, Knapp, and Doe Defendants to the extent permitted by law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wolfgang Weise respectfully requests that the Court enter

judgment and relief in his favor against Defendants, as follows:

A.    Declare that the Department's issuance, maintenance, enforcement, collection, and related consequences concerning the repatriation loan are unlawful, arbitrary and capricious, contrary to law, in excess of statutory authority, and/or unconstitutional;

B.    Set aside the Department's debt and default determination, referral, and collection activity in connection with the repatriation loan;

C.    Enjoin the Department from collecting, garnishing, offsetting, referring, reporting, or imposing passport-related consequences based on the alleged repatriation loan;

D.    Preserve Plaintiff's right to pursue damages against the Department, the United States, and/or any proper party in any appropriate proceeding;

E.    Award restitution, disgorgement, damages, or other appropriate relief against Yuri Piskun, Patrick J. Knapp, and Doe Defendants to the extent they received, retained, converted, misappropriated, or benefited from money, travel, lodging, services, or other value charged to Plaintiff;

F.    Award reasonable attorneys' fees and costs under applicable law; and

G.    Such other and further relief as the Court deems just and proper.

Dated:  June 23, 2026
     Brooklyn, NY

THE ATLANTIC FOUNDATION

By:    /s/  Sami Elamad

Sami Elamad
450 Lexington Ave., #69
New York, NY 10163
Tel. (646) 685-3954
Fax (646) 712-9501
sami@the-atlantic-foundation.org

*Pro Bono Attorneys for
Plaintiff Wolfgang Weise*

20