# *The Atlantic Foundation*

May 14, 2026

**BY U.S. MAIL & EMAIL**

Leslie A. Ramirez-Fisher
United States Attorney's Office
86 Chambers Street
3rd Floor
New York, NY 10007
leslie.ramirez-fisher@usdoj.gov

      Re:    *Weise v. U.S. Department of State*, No. 24-cv-5760 (LJL)

Dear Ms. Ramirez-Fisher:

I write to you, as counsel for the Government, in the above-referenced matter on behalf of Plaintiff Wolfgang Weise as pro bono counsel.

Following our telephone conversation on April 1, 2026, I write to follow up regarding several issues we discussed concerning Mr. Weise's passport, the repatriation loan, and the status of this litigation. As you know, those issues included:

1. The circumstances surrounding Mr. Weise's repatriation loan, including whether any fraud or other unusual circumstances may bear on the situation, and whether those circumstances warrant any further consideration by the Government.

2. Whether there is any way for Mr. Weise to address the default, including some kind of payment plan, installment arrangement, or other accommodation that could bring the loan current or otherwise affect the default issue.

3. The basis for the amount of the loan itself, including the cost of the ticket, the apparent need for an escort, and any related lodging or travel expenses reflected in the total amount assessed.

Since our conversation, we had a brief email exchange, and I followed up again by email on April 14, but I have not yet received a response.

By this letter, I am attempting to meet and confer regarding several serious issues concerning the repatriation loan and to obtain the Government's position before determining next

**Ms. Ramirez-Fisher**
May. 14, 26
Page 2 of 4

steps. While I generally prefer less formal methods, the significance of these issues warrants setting out our concerns in writing and in greater detail. This letter is intended as a good-faith effort to confer before Mr. Weise seeks formal relief, whether in the pending litigation or through other available proceedings. Nothing herein should be construed as waiving any of Mr. Weise's rights or remedies, all of which are expressly reserved.

As a preliminary matter, Mr. Weise recently submitted an application for loan waiver (RR-03) in connection with the repatriation loan. A copy is enclosed. We hope that process may provide a meaningful avenue to address the default, the disputed loan balance, and any related collection activities. It is not yet clear whether the request will affect any collection activity or other enforcement measures. If possible, I would appreciate it if you could forward Mr. Weise's submission to the appropriate Department personnel and/or otherwise assist in facilitating review of that request.

First, I was concerned to recently learn that, while this litigation remains pending, the Government appears to be garnishing or offsetting Mr. Weise's Social Security benefits in an attempt to collect on the repatriation loan. Mr. Weise provided me with two letters from the Social Security Administration, dated February 3 and April 3, 2026, indicating that the Department of the Treasury would withhold portions of his benefits. Copies of both are enclosed.

Given that the repatriation loan and related passport/default issues are central to this pending litigation, it is especially troubling that collection activity appears to be proceeding while these issues remain unresolved. This is particularly concerning because, as discussed below and as I have previously raised, there are serious questions regarding the validity of the loan itself, the amount assessed, and whether the loan was properly issued in the first instance. It is even more concerning given Mr. Weise's current circumstances, including (as you know) his lack of stable housing and inability to travel or obtain a passport.

Please let me know the Department's position on this collection activity, including whether the Department will agree to suspend any collection, offset, referral, reporting, passport-related consequences, or similar enforcement activity while the parties address these issues. If collection activity continues, Mr. Weise is prepared to seek appropriate relief to prevent further garnishment or offset, whether in this litigation or through any other available proceeding against the Government.

Second, as previously discussed, the amount and circumstances of the repatriation loan raise serious concerns. The Government issued a loan in an unusually large amount despite multiple red flags and unusual surrounding circumstances. Among other things, it remains unclear why the loan included expenses for an escort, including that person's travel-related costs. The Court recognized this same concern. *See Weise v. U.S. Dep't of State*, 2026 WL 392433, at *2 (S.D.N.Y. Feb. 12, 2026) ("the record offers no indication as to why an escort was provided"). And more broadly, a one-way ticket from Europe to the United States should not, without more, result in a repatriation debt exceeding $5,000.

**Ms. Ramirez-Fisher**
May. 14, 26
Page 3 of 4

Mr. Weise and I have also discussed the surrounding circumstances of the repatriation loan in greater detail. He states that he did not sign the loan-related documents, has not previously seen them, and does not recognize them whatsoever. *See, e.g.,* ECF No. 35-1 at 11, 12. He flatly denies ever seeing those documents or authorizing anything of that nature. On a related note, I ask that you provide me with unredacted copies of the administrative record the Court considered on summary judgment. After further review, I could not locate unredacted copies in my personal records, so I would appreciate your assistance with that request.

Given the excessive amount of the loan, there is also a serious question whether the debt exceeds the scope and purpose authorized by the statute governing repatriation loans. For starters, Section 2671 explains that such loans are made to "destitute citizens…outside the United States…to provide for the return to the United States of its citizens." 22 U.S.C. § 2671(b)(2)(B) (emphasis added). Here, the repatriation debt appears to be far greater than what was necessary to return Mr. Weise to the United States. In that respect, the loan appears to exceed the lawful scope and purpose of the repatriation loan program.

Taken together, these issues raise significant concerns about the validity and enforceability of the alleged debt, including whether the loan was properly issued, whether the amount was lawfully calculated, whether the Government had an adequate basis to treat the documents as valid, and whether it can continue collection efforts based on that record.

In light of these concerns, Mr. Weise is evaluating additional claims and causes of action against the Government arising from the issuance, administration, enforcement, and collection of the loan, including the garnishment of his benefits. Those claims may be pursued in the pending litigation or, if necessary, in separate proceedings. For that reason, Mr. Weise has also submitted a notice of claim to the Department of State, a copy of which is enclosed, seeking damages arising from the unlawful issuance, enforcement, and collection of the repatriation loan.

\* \* \*

Thank you for your consideration. I hope the parties can find some common ground and avoid the need for further motion practice or additional proceedings. Please let me know the Government's position on the issues raised above, including whether collection activity will be suspended while the parties confer and while the waiver/deferral request remains pending.

As mentioned, please also email me a copy of the unredacted administrative record that was before the Court in connection with summary judgment. I would appreciate receiving that at your earliest convenience.

Very truly yours,

_____/s/_____
Sami Elamad

**Ms. Ramirez-Fisher**
May. 14, 26
Page 4 of 4

Enclosures
1. Wolfgang Weise Loan Waiver/Deferral Application, Form RR-03 (Apr. 27, 2026)
2. Social Security Administration Letter to Wolfgang Weise (Feb. 3, 2026)
3. Social Security Administration Letter to Wolfgang Weise (Apr. 3, 2026)
4. Standard Form 95 Notice of Claim of Wolfgang Weise to U.S. Department of State