

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 10, 2026

**<u>VIA ECF</u>**
Hon. Lewis J. Liman
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

> Re:    *Weise v. U.S. Department of State, et al.,* 26 Civ. 4422 (LJL)

Dear Judge Liman:

I am the Assistant United States Attorney assigned to the above-captioned case brought by Plaintiff against the U.S. Department of State (the "State Department"), under the Administrative Procedure Act ("APA") challenging the State Department's actions in connection with a repatriation loan, including the issuance and collection of the loan. *See* ECF No. 29. In addition, Plaintiff has named as a co-defendant State Department employee Patrick J. Knapp, against whom Plaintiff alleges Fifth Amendment Due Process violations. *Id.* With Plaintiff's consent, I am writing to respectfully request a two-week extension of time from July 14, 2026, until July 28, 2026, for the State Department to serve and file the certified administrative record. The reason for this request is because the State Department needs more time to continue to gather documents relating to the date Plaintiff's repatriation loan at issue in this case was referred to the Department of Treasury for collection. The additional time will also permit the State Department to obtain original foreign-language documents relating to the loan, in addition to the English translations of those documents which the State Department has already found. This is the State Department's first request for an extension in this case.

Should the Court grant this request, the deadlines in this case will be as follows: (1) by July 28, 2026, the State Department will serve and file the CAR; (2) by August 11, 2026, the State Department will move for summary judgment and any other relief; (3) by August 25, 2026, Plaintiff will cross-move for summary judgment and oppose the State Department's motion; (4) by September 1, 2026, the State Department will file its reply and opposition to Plaintiff's cross-motion; and (5) by September 8, 2026, Plaintiff will file his reply.

Defendants would also like to inform the Court that the State Department is in the process of obtaining authorization for DOJ to represent defendant Knapp, who has not been properly served, in his individual capacity. Plaintiff's second amended complaint asserts a Fifth Amendment Due Process claim against both the State Department, ECF No. 29, ¶ 34, and against Mr. Knapp, *id*. ¶ 120. Accordingly, the second amended complaint appears to assert individual-capacity claims against Mr. Knapp pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) ("*Bivens*"). However, this Office does not represent Mr. Knapp in his individual capacity. DOJ regulations provide that current or former federal employees sued in their

individual capacities may be entitled to representation by DOJ.  Specifically, 28 C.F.R. § 50.15(a) provides that "a federal employee . . . may be provided representation in civil . . . proceedings in which he is sued, subpoenaed, or charged in his individual capacity, . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States."

At present, the docket reflects that Plaintiff served Mr. Knapp by first class mail on July 5, 2026, in care of the U.S. Embassy in Washington, D.C.  ECF No. 35.  However, mailing the second amended complaint to Mr. Knapp to the U.S. Embassy at that address is not sufficient to effect service on a State Department employee.  *See* 22 C.F.R. § 172.2 (requiring service of summons or complaints on State Department employees to made by delivery to, or being addressed to, the Congressional & Litigation Support Office, Office of the Executive Secretariat, Room 1464, 2201 C Street, NW, Washinton D.C., and not permitting any other recipient at the State Department to accept service).  Therefore, at this juncture, Mr. Knapp's time to respond to the second amended complaint has not yet begun to run because he has not been properly served in accordance with the State Department regulations set forth at 22 C.F.R. § 172.2. I have informed opposing counsel of this regulation.

Once Plaintiff has properly served Mr. Knapp and Mr. Knapp confirms that he would like DOJ to represent him in his individual capacity in this matter, the State Department will commence the process of submitting a formal request to DOJ for his representation, as required under  28 C.F.R. § 50.15(a)(l).   Until that time, I am not authorized to accept service on behalf of Mr. Knapp or to file a notice of appearance on his behalf. We expect to represent Mr. Knapp if the request is made and approved.[1]

I thank the Court for its consideration of this request.

Sincerely,

JAY CLAYTON
United States Attorney

By:      */s/ Leslie A. Ramirez-Fisher*
LESLIE A. RAMIREZ-FISHER
Assistant United States Attorney
Tel: (212) 637-0378
Email:  leslie.ramirez-fisher@usdoj.gov

---

[1] The suit also names Yurk Piskun as a co-defendant in this suit.  ECF No. 29.  Mr. Piskun was not a State Department employee at the time the events at issue took place, nor is he currently a State Department employee.  Therefore, this Office does not represent Mr. Piskun and does not anticipate having any role in his defense.  This Office has provided Mr. Piskun's contact information to opposing counsel.

cc:   Counsel of Record (via ECF)