**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WOLFGANG WEISE,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF STATE, et al.<br><br>Defendants. | No. 26-cv-4422 (LJL)<br><br>**STIPULATION AND ORDER OF PARTIAL DISMISSAL** |

WHEREAS, Plaintiff Wolfgang Weise commenced this action on May 27, 2026, and commenced the related action, No. 24-cv-5760, on July 24, 2024, both of which remain pending before this Court;

WHEREAS, on June 23, 2026, Plaintiff filed the operative pleading in this action, the Second Amended Complaint, ECF No. 29 (the "SAC");

WHEREAS, the Sixth Count (Unjust Enrichment/Restitution) and the Seventh Count (Fraud, Conversion, or Other Wrongful Participation in Scheme) are pled in the alternative and asserted against Defendants Yuri Piskun, Patrick J. Knapp ("CO Knapp"), and Does 1-19, *see* SAC ¶¶ 134-43, 144-57;

WHEREAS, the SAC further asserts claims against CO Knapp within the Fourth Count under the Due Process Clause of the Fifth Amendment, *see* SAC ¶ 120, insofar as they may be construed as *Bivens* claims;

WHEREAS, Defendants U.S. Department of State (the "Department") and CO Knapp (together, "Defendants") moved for summary judgment and partial dismissal of the SAC, *see* ECF Nos. 37, 79;

WHEREAS, in his September 1, 2026 memorandum in opposition to the Department's motion and in support of his cross-motion for summary judgment, Plaintiff stated that, without making any concessions, he would seek to dismiss Counts Six and Seven along with any *Bivens* claims, *see* ECF No. 51 at 25;

WHEREAS, counsel for the parties appearing in this action have conferred and agreed that all claims against CO Knapp should be dismissed with prejudice, and Plaintiff wishes also to dismiss all claims against Defendant Yuri Piskun and Defendants Does 1-19 without prejudice;

WHEREAS, Plaintiff has presented an administrative claim to the Department of State on Standard Form 95, dated April 21, 2025 (*see* SAC ¶ 76 & Ex. 4), and the parties agree that, if applicable, any claims under the Federal Tort Claims Act that Plaintiff may pursue, upon exhaustion, would properly be brought against the United States;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties who have appeared in this action, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and, to the extent necessary, Rule 41(a)(2), and subject to the approval of the Court, as follows:

1. All claims asserted in the SAC against Defendant Patrick J. Knapp are dismissed with prejudice.

2. The dismissal set forth in paragraph 1 operates as a final resolution in CO Knapp's favor of the claims dismissed. That dismissal shall have no preclusive effect on, and shall not be construed as an adjudication of, any claim that remains pending against the Department.

3. All claims against Defendant Yuri Piskun and against Defendants Does 1-19 are dismissed without prejudice. The Sixth Count and the Seventh Count are therefore dismissed in their entirety by paragraphs 1 and 3.

4. Nothing in this Stipulation affects, impairs, or releases any claim Plaintiff may have under the Federal Tort Claims Act against the United States, including any claim presented in the Standard Form 95 referenced above, or any defense of the United States to such a claim.

5. This Stipulation does not affect the First, Second, Third, Fourth, and Fifth Counts as asserted against the Department, each of which remains pending. Nor does this Stipulation affect the preliminary injunction entered by the Court, *see* ECF Nos. 74 and 77, which remains in full force and effect.

6. Nothing in this Stipulation constitutes an admission of any fact or liability by any party. Plaintiff makes no concession as to the merits of the claims that remain pending, and the Department makes no concession as to the merits of those claims or waiver of any defense thereto.

7. In light of the foregoing, the portions of the Department's and CO Knapp's pending motion directed to the Sixth Count, the Seventh Count, and the *Bivens* claims are moot and need not be reached by the Court.

8. Each party shall bear its own attorneys' fees, costs, and expenses incurred in connection with the dismissed claims, as set forth above.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original, and signature pages transmitted electronically shall be treated as original signatures.

*[SIGNATURE PAGE FOLLOWS.]*

Dated: September 11, 2026
New York, New York

THE ATLANTIC FOUNDATION

By: /s/ Sami Elamad
SAMI ELAMAD
450 Lexington Ave.
Box 69
New York, NY 10163
Tel. (646) 685-3954
Fax (646) 712-9501
sami@the-atlantic-foundation.org

*Attorneys for Plaintiff*
*Wolfgang Weise*

Dated: September 16, 2026
New York, New York

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: [signature]
LESLIE A. RAMIREZ-FISHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel. (212) 637-0378
leslie.ramirez-fisher@usdoj.gov

*Attorneys for Defendants*
*U.S. Department of State and*
*Patrick J. Knapp*

**SO ORDERED.**

Dated: September 18, 2026
New York, New York

[signature]
HON. LEWIS J. LIMAN
United States District Judge